In the Matter of the Estate of CHARLES CONNOR, Deceased.

Surrogate's Court, New York County, November 14, 1929.

*R. & E. J. O'Gorman* [*Henry B. Hammond* of counsel], for the executor and sole surviving trustee.

*Earle & Rust*, for James J. Larkin.

*Louis F. Perl*, for Dido Connor.

O'BRIEN, S. This is an accounting proceeding by the executor and sole surviving trustee under the will of the above named deceased. An objection is filed by one Dido Connor, a legatee named in the will, that the said " account does not contain the legacy directed to be paid by the last will and testament " of the above named deceased. The legacy is contained in the 3d paragraph and reads as dollows: " *Third.* Out of the remainder of my personal property to pay to ' Dido Connor ' wife of Michael Connor of Castle Street, Roscommon, Ireland, the sum of Two Hundred and Fifty Dollars a year for the term of her natural life. * * * This annuity is not to be a charge upon my real estate."

The accountants meet the objection made by asserting that no payment of said legacy may be made since (1) there is no personal property remaining out of which the legacy may be paid, and (2) that the real estate may not be used to pay this legacy, for the reasons that (a) the will expressly provides that said legacy " is not to be a charge upon my real estate," and (b) even were this provision not contained in the will, the real estate would not be subject to the payment of said legacy. The accountants contend that all the personal property of the testator out of which this legacy could be paid was used towards the payment of the debts and expenses of administration. This personal property was originally inventoried at $20,000 but on the sale thereof did not realize that sum. The personal estate amounted to $16,052.39 and the debts aggregated $16,710.41 without considering funeral expenses of $559.69. It was, therefore, necessary they assert, to sell some of the real estate in order to pay the expenses of administration including attorneys' fees. In these contentions the accountants are correct and I so hold. There is a further contention made by the objectant that had the lawyers' fees which she claims to be excessive been apportioned between the real estate and the personal property, it would have been possible to pay the legacy out of the personal property and further that were the excess in the lawyers' compensation above what might be deemed to be reasonable fees restored to the personal property of the estate the executor would be able to pay said legacy. As to these contentions I hold (1) that there is no authority to allocate to the real estate and personal property proportionate shares of lawyers' fees; they are part of the administration expenses (Surr. Ct. Act, § 222) and, therefore,

properly payable out of the personal property. Under these circumstances (2) the objectant has not such an interest in this estate as would empower her to file objections to the lawyers' fees. There is an additional ground for overruling the objection and that is the fact that upon a previous accounting in 1921 the amended decree contained a provision that the legacy to Dido Connor failed as there was no personal property from which it could be paid. That decree is *res adjudicata*. The objections are dismissed.